Oakley J.
This was an action on a promissory note, made by one George Gibson, payable to the defendant, and endorsed by him and Samuel C. Hyslop. The defendant admitted his liability on the note in question,—but offered to show by way of defence to this action,—that the plaintiff held the note fraudulently and without consideration. The defendant called one Spicer as *312 a witness, who testified that the note in controversy was actually the property of Hyslop, and that he had, as agent for Hyslop, called on the plaintiff to deliver up the note, which he refused t0 do, saying, that he had received it in payment, or as security, from one Healey. The defendant then called Healy, and stated, that he expected to prove by him, that there was no consideration for the negotiation of the note by him to the plaintiff, and that there was no debt due from him to the plaintiff at the time the plaintiff got the note ; but that on the contrary, the plaintiff was indebted to him, (Healy.)
The Judge excluded the evidence, saying, that the defence offered, could not be interposed between a holder of negotiable paper, and a party who had negotiated it on a good consideration» The jury found a verdict for the plaintiff.
The defendant now moves for a new trial.
It is believed to be well settled, that if the holder of a note obtains it by fraud, he cannot maintain an action on it against any of the parties to it. He must aver and prove, that the note was transferred to him; and, though his possession of the note is prima facie evidence of the transfer, yet, if the defendant can show that the plaintiff obtained'the note by his own fraudulent act, he has a right to defeat the action on that ground, although he may be liable to pay the note to the true owner. He has not a right to question the consideration merely on which the holder received the note; but he may be permitted to show, that there was no consideration paid by the holder, as one step towards the proof of fraud on his part in obtaining it. This proceeds on the general doctrine, that no man can acquire a right by his own fraud, to sustain an action in any court; and it is a principle of universal application. This doctrine is fully recognized as applicable to Promissory Notes, Bills of Exchange, and Bank Notes. [ Solomons v. The Bank of England, 13 East. 135. Rees v. Marquis of Headfort, 2 Camp. 574]
The offer in the present case, on the part of the defendant, to show that the plaintiff obtained the note fraudulently, seems t<j come within the general rule here laid down.
*313 The fact, that no consideration was paid by the plaintiff, and that Healy was not indebted to him, as he alleged, if proved, in connection with other evidence which, the defendant would perhaps have produced, if he had been permitted to proceed in his defence, might, for aught the court can say, have established the fact of fraud against the plaintiff. Considering then, that the offer on the part of the defendant was, to show fraud, on the part of the plaintiff in obtaining the note, and not merely to show a want of consideration for the negotiation of it to him, I think that the Judge erred in excluding the testimony of Healy.
In Paterson v. Hardacre. 4 Taunton, 114. the court held, that where a bill had been obtained fraudulently from the defendant, the holder must prove that he came to the possession of it upon good consideration: but that the defendant could not require such proof, unless he had given seasonable notice to the plaintiff that he meant to insist at the trial, that he should prove the consideration on which he received the bill.
I should be much inclined to adopt this rule in like cases, but in the present instance, it does not appear that any objection was made by the plaintiff of the want of notice of the defence which the defendant intended to set up. There must be a new trial.

JVew trial granted.

[Hoffman & Talman, Att’s for plff. W. Mulock Atty for the deft.]