ADOLPH BULOVA, Respondent, v. E. L. BARNETT, INC., Defendant, Impleaded with S. S. CORPORATION, Appellant.

First Department, December 17, 1920.

Parties — intervention of assignor of claim in action thereon by assignee — assignment alleged to be invalid — Code of Civil Procedure, section 452, applied.

Where a third person claims to be the owner of a pending cause of action and the plaintiff therein is a pretender, the former may, under section 452 of the Code of Civil Procedure, become a party to the action and litigate the basic issue of plaintiff's right to maintain the action.

Accordingly, in an action by the assignee of a claim to recover the agreed value of work, labor and material furnished to the defendant by the assignor, a corporation, in which the defendant denies the assignment and pleads the invalidity thereof and payment to the assignor of the amount due, the assignor should be permitted to intervene where it alleges in its petition that the alleged assignment of the cause of action is invalid and void and was unauthorized by it and that it is the owner of the claim sued on.

APPEAL by the defendant, S. S. Corporation, from an order and determination of the Appellate Term of the Supreme

Court, entered in the office of the clerk of the county of New York on the 14th day of June, 1920, reversing an order of the City Court of the City of New York which permitted the appellant to be made a party to the action.

*Charles J. Doherty* of counsel [*Paul M. Crandell* with him on the brief], for the appellant.

*George Cohen* of counsel [*Sanford H. Cohen*, attorney], for the respondent.

GREENBAUM, J.:

The action is brought to recover the sum of $1,416.80 upon an alleged assigned claim of the S. S. Corporation. The pleadings in this action were before this court on an appeal from an order upon a motion made to strike out certain portions of the defendant's answer, but the matters there passed upon do not directly affect the question now presented. (193 App. Div. 161.)

The motion of the S. S. Corporation to intervene in this action was made pursuant to the 2d paragraph of section 452 of the Code of Civil Procedure. That section provides: " The court may determine the controversy, as between the parties before it, where it can do so without prejudice to the rights of others, or by saving their rights; but where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in. And where a person, *not a party to the action, has an interest in the subject thereof* [italics ours], or in real property, the title to which may in any manner be affected by the judgment, or in real property for injury to which the complaint demands relief, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment."

The complaint in this action after alleging the respective corporate entities of the defendant E. L. Barnett, Inc., and of the S. S. Corporation, the assignor of plaintiff, alleges the performance of certain work, labor and services and the furnishing of certain materials on the part of the S. S. Corporation upon the request of defendant E. L. Barnett, Inc., at the

agreed price of $1,416.80;. the assignment of claim to plaintiff; the demand for the payment of the amount due and the defendant's refusal to pay.

The amended answer makes various denials including a denial of the assignment to plaintiff, set up in the complaint. It also contains several special affirmative defenses (including payment to the S. S. Corporation of the amount sued for), all of which relate to the asserted invalidity of the alleged assignment to plaintiff by the S. S. Corporation. It thus appears that the defendant does not dispute the contract as alleged in the complaint and its due performance by plaintiff's assignor and that the sole issue is whether the plaintiff is the owner of the claim. After issue joined, the S. S. Corporation petitioned the court for leave to intervene under section 452 of the Code upon the ground that the alleged assignment of the cause of action to the plaintiff was invalid, void and unauthorized by the corporation and that it was the owner of the claim sued upon.

The learned Appellate Term held that the S. S. Corporation had no " interest in the subject " of the action in the sense in which those words are used in the section above quoted. The court relied upon *Chapman* v. *Forbes* (123 N. Y. 532) and *Bauer* v. *Dewey* (166 id. 402). In the *Chapman Case* (*supra*) the plaintiff sued the defendant to recover moneys alleged to have been paid over by one Breen, as the agent of plaintiff's testatrix, to defendant to the use of said testatrix. Defendant denied that the money paid to him belonged to plaintiff's testatrix and alleged that in fact the money belonged to Breen individually, whose assignee, one Williams, had sued him to recover the same. Defendant moved under section 452 of the Code to bring in the assignee, Williams, as a party defendant. The motion was opposed upon two grounds: *First,* that section 452 did not authorize the relief asked for, and *secondly,* that the court had no power to grant such relief since it would change the character of the action from one at law to one in equity, contrary to the will of the plaintiff. The court held that Williams, the assignee of Breen, had no " interest in the subject of the action " as brought within the meaning of the Code, and that the " person bringing a legal action cannot be compelled to sue any person except such as he may elect to

sue." The facts in that case are obviously distinguishable from those presented upon this motion. Williams had not the slightest interest in the *Chapman* case, which was predicated upon a claim which was entirely different from that upon which his action had been brought. Besides Williams did not move to intervene. Defendant moved to bring him in as a party, a proceeding not contemplated by section 452.

In the case of *Bauer* v. *Dewey* (166 N. Y. 402) the court reaffirmed the rule stated in the *Chapman* case that where the plaintiff seeks a money judgment only he cannot be compelled to bring in parties other than those he' has chosen. In that case one Delack applied to intervene on the ground that he was entitled to one-half of the recovery of the commissions for which the action was brought. The court held that if Delack were permitted to become a party issues would be introduced other than those tendered by the plaintiff and that in such a case section 452 conferred no authority for an order of intervention. Plaintiff's title to the claim in that suit was not questioned. Delack's claim merely was that he was entitled to one-half of the proceeds which would be recovered in the action. Such a claim was clearly extrinsic to the cause of action and not an issuable fact therein. Here the plaintiff's title to the cause of action is assailed by defendant and is made an issue in the action.

The respondent also relies upon *Brooklyn Cooperage Company* v. *Sherman Lumber Co.* (220 N. Y. 642). In that case the court reiterated the rule that in an action at law where the plaintiff seeks a money judgment only, he cannot be compelled under section 452 of the Code to bring in as a defendant a third party on the application of the latter, citing the *Bauer Case* (*supra*) and *Garrigues Co.* v. *Casualty Co. of America* (220 N. Y. 588). The court also held in that case that the applicant for intervention had no interest in the subject of the action, but at most she might be interested in or affected by the result, which is not enough to justify intervention.

In the *Garrigues Case* (*supra*) the action was brought to recover the amount of a surety bond executed by defendant to plaintiff given to secure the performance of the terms of an agreement entered into between plaintiff and the petitioner

Stiner, who sought to intervene. Stiner was regarded as one interested in the result only.

In the *Brooklyn Cooperage Case* (*supra*) the respondent who petitioned to intervene had no title to the land involved in that action, which was for trespass, and, therefore, had merely an interest in the result of the action. The courts have thus uniformly construed the words " an interest in the subject ". of the action to mean a direct interest in the cause of action as pleaded and which would put the intervenor in a legal position to litigate a fact alleged in the complaint, without the establishment of which plaintiff could not recover.

In the case of *Sheridan* v. *Mayor* (68 N. Y. 30) it was said: " A plaintiff is the real party in interest under the Code, if he has a valid transfer as against the assignor, and holds the legal title to the demand. The defendant has no legal interest to inquire further. A payment to, or recovery by, an assignee occupying this position is a protection to the defendant against any claim that can be made by the assignor. In this case, *from the undisputed facts* [italics ours], the defendant would be protected if it paid to the assignee or if a recovery was had against it by him. No question was made and none submitted to the jury as to the execution or delivery of the assignment, and conceding that the circumstances were such as to justify the jury in finding that it was colorable as between the parties, yet that would constitute no defense on the ground that the plaintiff was not the real party in interest. *Such an inquiry might become material if the rights of creditors were involved* [italics ours], or upon the right of interposing some defense or counterclaim against the assignor. Nor is it of any moment that no consideration was paid for the demand by the assignee. The assignor could give the demand to the plaintiff, or sell it to him for an inadequate consideration, or without any consideration. It is enough if the plaintiff has the legal title to the demand, and the defendant would be protected in a payment or recovery by the assignee. It is not a case of *mala fide* possession which the defendant can avail itself of, as if a thief should bring an action upon a promissory note which he had stolen. These views are well settled by authority. [*Allen* v. *Brown*, 44 N. Y. 231; *Phillips* v. *Hebberd*, 61 id. 614; *Richardson* v. *Mead*, 27 Barb. 178; *Merrick* v. *Brainard*,

38 id. 579; *City Bank of New Haven* v. *Perkins,* 29 N. Y. 554; *Gage* v. *Kendall,* 15 Wend. 640.]"

In the instant case the S. S. Corporation alleges, among other things, that the alleged assignment is a fraud upon its creditors.

In *City Bank of New Haven* v. *Perkins* (29 N. Y. 554), cited in the *Sheridan Case* (*supra*), the action was based upon negotiable instruments in which the defendant claimed that the indorsement by the cashier of the Bank of Akron was not valid and binding · upon that bank as between it and the plaintiff. The court said that the Bank of Akron was not a party to the action and that " the defendant claims no title to the paper and does not pretend to have any interest in it, except as a promisor, liable to pay to any proper holder. *There is no party before the court* [italics ours] who has any legitimate interest in * * * questioning the plaintiff's title, or who has, as it seems to me, under the circumstances of this case, any right to be heard on that question. * * * Upon what grounds, then, can the defendant, as a mere debtor, be permitted to defeat the action? It has been held that if a defendant can show that the plaintiff obtained the note by his own fraudulent act, he has a right to defeat the action on that ground, although he may be liable to pay the note to the true owner. (*Talman* v. *Gibson,* 1 Hall, 308.) OAKLEY, J., in delivering the opinion in that case, says: ' This proceeds on the general doctrine, that no man can acquire a right, by his own fraud, to sustain an action in any court; and it is a principle of general application.' In that case, however, it appears that the defense was set up for the defendant by one Hyslop, who claimed to be the true owner of the note and had demanded it of the plaintiff. The same principle was adopted by this court in *Houghton* v. *McAuliffe,* decided at the last December term (reported 26 Howard's Practice Reports, 270). The action was against the makers, who refused to pay on the ground of the illegality of the transfer to the plaintiff. It was held that the transfer of the note was contrary to the statute, and that the party who transferred it to the plaintiff was guilty of a criminal offense in obtaining the note, and could transfer no title to any one having notice that it belonged to another; and that the plaintiff, under the

circumstances, must be deemed to have notice that the note belonged to the company to which it was given, and not to the person of whom he purchased it."

It would seem to follow from the foregoing views that where a third party claims to be the owner of a pending cause of action and that the plaintiff therein is a pretender, the former may become a party to the action and litigate the basic issue of plaintiff's right to maintain the action.

It should be borne in mind too that in the case just quoted the court was considering the title to negotiable instruments, as to which the rule is stricter than where an assignment of a chose in action is involved. *Hays* v. *Hathorn* (74 N. Y. 486) is authority for the proposition that where in an action upon a note the answer sets up that the plaintiff was not the legal owner of the note, nor the real party in interest, the defendant under the issue created was permitted to prove the allegations of the answer. It is convincingly pointed out in the opinion of that case that in the leading case of *Sheridan* v. *Mayor* (*supra*) the assignment of plaintiff's claim therein referred to was " expressly declared to protect the debtor paying the assignee against a subsequent suit by the assignor." The amended answer of E. L. Barnett, Inc., in this case pleads, among other things, payment of the debt to the S. S. Corporation prior to the notice to it of any valid assignment to plaintiff and also that the alleged assignment was executed for the purpose of giving a preference to one creditor over other creditors at a time when the S. S. Corporation was insolvent.

It should be borne in mind that in the cases where the courts hold that it is none of the defendant's business to inquire into the consideration of an assignment duly executed by an assignor, no issue was tendered upon his right to execute it, nor was there any allegation of any notice to the defendant of any infirmity in the assignment. In the present case as before stated the question of plaintiff's title to the cause of action is attacked by the defendant E. L. Barnett, Inc., which had notice that the S. S. Corporation claimed that the plaintiff's alleged assignment was invalid.

It seems to us that section 452 of the Code of Civil Procedure is peculiarly applicable under the state of facts here appearing. The S. S. Corporation is directly interested in the alleged

cause of action and, therefore, entitled to intervene to protect its right by defeating a recovery by the plaintiff. This conclusion is fortified by the fact, which is undisputed, that the debt upon which the cause of action rests has been paid to the petitioner by the defendant upon the delivery to it of a bond of indemnity given to it by the S. S. Corporation which thus succeeded to all the interests of the defendant in this action. Justice to both the defendant and the petitioner requires the granting of the motion.

The determination of the Appellate Term is reversed, with ten dollars costs and disbursements of this appeal, and the order of the City Court of the City of New York is reinstated, with ten dollars costs and disbursements of appeal at the Appellate Term.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Determination reversed, with ten dollars costs and disbursements of this appeal, and order of City Court affirmed, with ten dollars costs and disbursements of appeal at the Appellate Term.