Donald S. Taylor, J.
The Home Insurance Company, Underwriters at British Companies and Underwriters at Lloyds move pursuant to the provisions of section 193-b of the Civil Practice Act for leave to intervene as parties defendants in this action so they may oppose plaintiff’s application now pending therein before a court-appointed Referee for permission to enter a deficiency judgment against the defendant, West Albany Warehouses, Inc., pursuant to the provisions of section 1083 of the Civil Practice Act. On the argument of the motion this defendant joined in the application. No other appeared.
The plaintiff, as mortgagee, has sued the movants in actions, the venue of which is laid in the Supreme Court of the County of New York, to recover the proceeds of policies of fire insurance issued by them which insured buildings on the mortgaged premises allegedly damaged by fire prior to the entry of the judgment of foreclosure and sale herein. The insurers have interposed amended answers which allege nine separate defenses and a counterclaim. These actions remain undetermined.
The position of the applicants is stated in their brief as follows: “ If Mr. Lesser duly obtained a deficiency judgment in the case at bar, he would have an interest in the insurance policies and a right of action thereon (subject to any other defenses the insurers might raise) and such deficiency judgment might bind the insurers in Lesser’s Supreme Court, New York County suit. By such statement we do not mean to concede that any deficiency judgment in the case at bar subsequently obtained by Mr. Lesser would necessarily be binding on the insurers, in that as set forth in their pleadings, he began his action in New York County before he had any deficiency judgment against West Albany Warehouses, Inc.” and “ the very purpose of the insurers’ application for leave to intervene is based upon the fact that if the plaintiff obtains a deficiency judgment, they may be bound by such judgment with respect to liability on the insurance policies, in the event that any other defenses raised by them may be overcome by the plaintiff.”
Subdivision 1 of section 193-b of the Civil Practice Act upon which the applicants rely to intervene in the action as of right in pertinent part states: “1. Upon timely application any person shall be permitted to intervene in an action, including, but not limited to, an action for a sum of money only * * * (b) when the representation of the applicant’s interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action ”, (Emphasis supplied.)
*463 This subdivision was patterned after and is cast in the identical language of rule 24 (subd. [a], par. [2]) of the Federal Rules of Civil Procedure. The Federal courts have interpreted the words ‘ ‘ may be bound by a judgment in the action ’ ’ to mean res judicata. (Ar-Tik Systems v. Dairy Queen, 22 F. R. D. 122; Sutphen Estates v. United States, 342 U. S. 19, 21; Credits Commutation Co. v. United States, 177 U. S. 311; Hurd v. Illinois Bell Tel. Co., 234 F. 2d 942, cert, denied sub nom. Seybold v. Western Elec. Co., 352 U. S. 918.)
Intervention as of right must be predicated upon a showing of both factors to which the statute refers, viz., that the intervener’s interest is or may be inadequately represented by an existing party to the action and that he would or might be bound by its judgment. If it is clear that the endeavoring applicant cannot be so bound, he is not entitled to intervene as of right. The instant applicants are not privies of the defendant, West Albany Warehouses, Inc.; they derive no rights through it. If their thesis is valid that all rights under the ‘ ‘ loss payable to mortgagee ” riders of the policies of insurance are reserved to the owner-insured and not to plaintiff, indeed their interests may be ultimately antithetical. In these circumstances a judgment favorable to plaintiff rendered in the present proceeding could not be res judicata of their rights under the insurance policies which they seek to protect through intervention. Mere interest in the success of one of the parties to the original suit is insufficient to invoke the remedy as of right. This concept of intervention was considered by the New York State Judicial Council upon whose recommendation the present statute was enacted by the Legislature and was rejected as too broad and indefinite. (Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 222-225.) The authorities relied on by the applicants dealt with subdivisions of the intervenor statute which are not pertinent here. The applicants have no standing to intervene in the pending proceeding as of right. (Ar-Tik Systems v. Dairy Queen, supra; Sutphen Estates v. United States, supra; Credits Commutation Co. v. United States, supra; Hurd v. Illinois Bell Tel. Co., supra.)
To grant permissive intervention the statute requires that the applicants’ “ claim or defense and the main action have a question of law or fact in common.” (Civ. Prac. Act, § 193-b, subd. 2.) Nothing which approaches either type of concomitance is illustrated here. (Civ. Prac. Act, § 1083.)
Accordingly the motion iá denied and the interim stay vacated.
Submit order.
The motion papers will go forward with the signed order.