Charles J. Beckinella, J.
This is a motion for leave to intervene in an article 78 proceeding. Subdivision (d) of 7802 Civil Practice Law and Rules provides: ‘ ‘ Other interested persons. The court may direct that notice of the proceeding be given to any person. It may allow other interested persons to intervene.”
The persons who wish to intervene own property in the vicinity of vacant land on which petitioners want to' erect a *1089 building to be used as a factory for the manufacture and storage of machinery.
In brief the sequence of material events was: petitioners were granted a permit to erect the factory; construction of the factory was begun; the area in which the property is located was rezoned from an Ml-1 District to an R4 District (this change would prohibit the erection, in the future, of a factory building); the Borough Superintendent ruled that petitioners had not completed the foundations of the factory building on the day the zoning1 was changed and that the building permit issued to petitioners was deemed to have lapsed upon such rezoning; an appeal from the ruling was taken to the Board of Standards and Appeals by petitioners; the appeal was rejected. Then followed the instant article 78 proceeding.
The address of the land on which construction of the factory has begun is 28-32 Marginal Street West. The persons who wish to intervene say they own property at 2, 4, 6, 26, 34, 36, and 44 Marginal Street West. No map of Marginal Street West is before the court but it seems certain that the property owners on both sides of the proposed factory are among those who wish to intervene.
As was stated above, subdivision (d) of 7802 Civil Practice Law and Rules states that a court “ may allow other interested persons to intervene ” in an article 78 proceeding. In the Second Preliminary Report of the Advisory Committee on Practice and Procedure (N. T. Legis. Doc., 1958, No. 13, p. 398) the language now in subdivision (d) of 7802 appears for the first time. In the notes under the section, reference is made to what are now 1012 and 1013 Civil Practice Law and Rules. These sections relate to intervention in actions; 1012 is entitled, “ Intervention as of right ”; 1013 is entitled, “ Intervention by permission ”. The notes in the Second Preliminary Report {supra, p. 398) under what is now subdivision (d) of 7802 state: “ Proposed rule 23.12 [now CPLR 1012] specifies certain cases in which there will be a right to intervene and proposed rule 23.13 [now CPLR 1013] allows for permissive intervention. This subdivision, however, grants a court broader power to allow intervention than is provided in the latter rule.”
The Civil Practice Act counterpart of 1013, and its source, was section 193-b of the Civil Practice Act. Two recent decisions make it clear that section 193-b of the Civil Practice Act was given a liberal construction. (See Mann- v. Compañía Petrolera Trans-Cuba, 17 A D 2d 193, 197 [“ At the outset it should be noted that this section is to be liberally construed ”]; Matter-of Petroleum Research Fund, 3 A D 2d 1, 2-3 [“ A procedural *1090 device that is calculated to reform and modernize the remedy of intervention deserves a wide latitude of construction to effectuate its purposes ”].)
It appears from a consideration of the above quotations from the Second Preliminary Report and the cited cases that subdivision (d) of 7802 Civil Practice Law and Rules gives this court a broader power to allow intervention than is provided in a section that is to be liberally construed.
Under section 1298 of the Civil Practice Act, this court was empowered to admit as a party in an article 78 proceeding “ a person specially and beneficially interested in upholding or annulling a determination to be reveiwed ’ ’. The persons who wish to intervene in the instant proceeding have such an interest in its outcome as to warrant allowing them to intervene. They own property in an area described by the City Planning Commission on March 27, 1963 as an area ‘ ‘ fully developed with small homes with the exception of the vacant parcel adjoining the applicant’s house.” It is apparent from the contents of the papers before this court that the owners of property near the site of the factory are intensely interested in this proceeding and have zealously guarded their interests in this controversy. Under subdivision (d) of 7802 Civil Practice Law and Rules, this court may allow “ interested persons to intervene.” Under section 1298 of the Civil Practice Act the court was empowered to admit as a party a person “ specially and beneficially interested.” Under either test, if there is a difference between the two, a person who owns residential property adjacent to vacant land upon which it is sought to build a factory, should be allowed to intervene in a proceeding whose outcome may result in the construction of the factory.
The court has not failed to consider Matter of K & K Leasing Corp. v. Murdoch (263 App. Div. 714, opp. dsmd. 287 N. Y. 842). This case was decided several years before the liberalization of New York intervention practice. (See Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 218-228.) A statement particularly apposite in connection with the instant matter is contained on page 218. There it is stated: ‘ ‘ The chief utility of intervention lies in affording to the vast and undefined group of non-parties the means of protecting their interests which may be affected by a particular law suit. ’ ’
Nothing in article 78 Civil Practice Law and Rules requires that a motion to intervene be accompanied by a proposed pleading, as does CPLR 1014. In any ease the position to be taken in the proceeding by the intervenors is made clear in the papers before the court. Motion granted.