Bernard S. Meter, J.
In this article 78 proceeding petitioner was awarded judgment on its first cause of action declaring that a special exception permit was not required for its operation of a day care center and directing the respondent Bureau of Fire Prevention to inspect petitioner’s premises for compliance with local fire ordinances as required by rules of the State Board of Social Welfare (63 Misc 2d 978). The remaining causes of action in the petition, which had sought review of the denial by the Board of Zoning Appeals of a special exception permit for the center, were dismissed as moot, and as to the village and the Fire Commissioner the proceeding was dismissed. Judgment was entered on October 9, 1970, but at a public meeting on October 1, 1970 the Village Trustees announced that no appeal from the judgment, when entered, would be taken. Movants, Jacka, the owner of a residence abutting petitioner’s property, and Bridener, the owner of a residence across a 40-foot street from petitioner’s property, now move, pursuant to CPLB 1012 and 1013, to intervene.
While the moving papers include a proposed answer (in large part identical with that of the Board of Zoning Appeals), the affidavits of their attorney make clear that their purpose is to appeal and that they do not seek any further hearing at Special Term. They intend to argue on appeal that the court erred in holding that a special exception permit is not required for operation of the day care center. If they are correct in that contention, operation of the center would be a violation of the zoning ordinance and they would have the right, provided they can establish depreciation in value of their premises arising from the conduct of the center, to bring an action to enjoin that violation (Cord Meyer Development Co. v. Bell Bay Drugs, 20 N Y 2d 211, 217-218; Reed v. Village of Larchmont, 19 A D 2d 624; see Kempner v. Patsy Bello Nurseries, 31 A D 2d 748; Barnathan v. Garden City Park Water Dist., 21 A D 2d 832). The issue presented by this motion is whether they must or should be permitted to litigate their rights in this proceeding. Petitioner and respondents oppose the nlotion on the merits and as untimely. For the reasons hereafter stated, leave to intervene pursuant to CPLB 1013 is denied, but the court holds that movants, provided they can establish that they are aggrieved persons within the meaning of section 179-b of the Village Law are entitled by CPLB 1012 (subd. [a], par. 2) to intervene, as of right.
Permissive intervention in an article 78 proceeding is governed by subdivision (d) of CPLB 7802 rather than iCPLB 1013. While the discretion of the court is broader under the former *853 (“may allow other interested persops to intervene ”) than it is under the latter (“common question of law or fact”), Second Preliminary Report of Advisory Committee (N.Y. Legis. Doc., 1958, No. 13, p. 398), the distinction is without significance on this motion because common questions of law and fact do exist, Reed v. Village of Larchmont (supra) and because movants having set forth facts upon which they conld be found as the owners of adjacent land to be aggrieved persons within the meaning of section 179-b of the Village Law have demonstrated sufficient interest within the meaning of CPLR 7802 to warrant their intervention for the limited purpose of trying the issue of their aggrievement (Matter of Carriage Hill v. Lane, 20 A D 2d 914; see Matter of Muccioli v. Board of Stds. & Appeals of City of N. Y., 42 Misc 2d 1088) and, if successful on that issue, of contesting on the merits as well.
Permissive intervention is, nonetheless, denied movants because a motion for permission to intervene should not, it appears, be entertained after judgment (White v. Globe Ind. Co., 14 A D 2d 743; cf. Incorporated Vil. of Island Park v. Island Park-Long Beach, 74 N. Y. S. 2d 492, affd. 272 App. Div. 1060) and because movants having - admittedly participated in the proceedings before the Board of Zoning Appeals and been represented by counsel who attended but did not participate in the initial hearing on this article 78 proceeding have waived their right to permissive intervention by failing to move for such permission prior to judgment. On the law and in the exercise of discretion, the application for leave to intervene is, therefore, denied.
Intervention as of right is, however, governed by different considerations. Under subdivision (a) of CPLR 1012: “Upon timely motion, any person shall be permitted to intervene in any action: * * *
“ 2. when the representation of the person’s interest by the parties is or may be inadequate and the person is or may be bound by the judgment ”.
That language is practically identical with the wording of subdivision (a) of rule 24 of the Federal Rules of Civil Procedure as it existed prior to 1966, and involves the logical dilemma, noted by the Supreme Court in Sam Fox Pub. Co. v. United States (366 U. S. 683, 691) that whether a person is bound by a judgment to which he is not party but privy, may turn on whether his interests have been adequately represented by the party to whom he is privy. If he is not bound because not adequately represented, then the very factor which gives rise to the right to intervene at the same time destroys it. The *854 answer appears to lie in the words 1 ‘ may be ’ ’, which by requiring a less than conclusive determination of adequacy and binding effect give a litigant the option of avoiding multiplicity of action and possible inconsistent results by intervening in the earlier proceeding unless it is clear that he will not be bound in a later action by the earlier judgment (see Committee Note of 1966 to Fed. Rules Civ. Pro., rule 24, subd. [a] as reported in 3B Moore, Federal Prac., par. 24.01 [10], p. 24r-17; note, 63 Yale L.J. 408, 410, n. 16).
May movants be bound by the judgment in this proceeding if it is pleaded in bar of their right to maintain an action for an injunction? The stare decisis effect of the judgment is not enough, Sam Fox Pub. Co. v. United States (supra, p. 694). A judgment is not binding within the meaning of CPLR 1012 unless it is res judicata (Sutphen Estates v. United States, 342 U. S. 19, 21; Lesser v. West Albany Warehouses, 17 Misc 2d 461). But res judicata effect will be given to a judgment against not only the parties to the judgment but their privies as well (Peoples Gas & Elec. Co. v. City of Oswego, 207 App. Div. 134, affd. 238 N. Y. 606; Campbell v. Nassau County, 192 Misc. 821, 825, affd. 274 App. Div. 929; Rosenberg, Collateral Estoppel in New York, 44 St. John’s L. Rev. 165, 185) and an adjoining property owner is privy with and represented by the Board of Zoning Appeals in a zoning proceeding (Wolpe v. Poretsky, 144 F. 2d 505, cert. den. 323 U. S. 777; see Matter of Leventhal v. Michaelis, 29 Misc 2d 831).
Petitioner argues that the only issue determined by the judgment was that the Bureau of Fire Prevention was required to make an inspection, that the bureau does not represent adjoining owners such as movants, and that as to all other parties respondent the action was dismissed as moot. They contend that the judgment, therefore, cannot bind movants. Their premise is not precisely correct, however, for while everything but the first cause of action was dismissed, the action was not dismissed as against the Board of Zoning Appeals and the judgment contains paragraphs adjudging “ that the day care center use requested by petitioner is within the petitioner’s church activities and does not require a special use permit” and that “petitioner is entitled to establish and operate the dáy care center as applied for in its permit application, subject only to the regulations applicable to the accessory structures and proposed minor alterations in the church structure described in said application ”. Those decretal paragraphs were necessary to the conclusion reached and are binding not only upon the bureau but also upon the board and *855 adjoining owners represented "by the board (see Fishgold v. Sullivan Corp., 328 U. S. 275, 282).
But, say petitioner and respondents, movants if represented by the board are bound by the decision of the board not to appeal and cannot intervene for the purpose of appealing. The cases they cite (Cortellini v. City of Niagara Falls, 257 App. Div. 615 and 258 App. Div. 778; Horn Constr. Co. v. Town of Hempstead, 33 Misc 2d 381; Zara Contr. Co. v. City of Glen Cove, 22 Misc 2d 279) are, however, distinguishable, for in each the interest sought to be protected was the general interest of taxpayers in the enforcement of the zoning or other laws, whereas what movants seek to protect is their individual interests as property owners. Moreover the argument ignores the wording of CPLB. 1012 (subd. [a], par. 2) and would force every potential intervenor represented by a party to litigation to intervene at the commencement of the litigation in order to protect himself against a decision by the party who represents him not to appeal. Nothing in CPLB 1012 suggests that such a result was intended or forecloses intervention as of right after judgment (see Matter of Ginsberg v. Lomenzo, 23 N Y 2d 94; Soto v. Lenscraft Opt. Corp., 7 N Y 2d 747; Krenitsky v. Ludlow Motor Co., 276 App. Div. 511, 514, app. dsmd. 301 N. Y. 609; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1012.07). Indeed, in a number of cases decided under subdivision (a) of rule 24 of the Federal Buies of Civil Procedure or a similar State rule, such intervention after judgment has been allowed where, because the party to the action had refused to appeal, his representation of the intervenor had become inadequate (Pellegrino v. Nesbit, 203 F. 2d 463; Wolpe v. Poretsky, supra; Allison v. People, 132 Col. 156; see Cuthill v. Ortman-Miller Mach. Co., 216 F. 2d 336; Blocker v. Board of Educ. of Manhasset, 229 F. Supp. 714; and see Ann. 84 ALR 2d 1412).
The motion, insofar as it seeks intervention as of right is, moreover, timely. The considerations governing timeliness of a motion to intervene as of right differ from those controlling permissive intervention (Pellegrino v. Nesbit, supra; Cameron v. President & Fellows of Harvard Coll., 157 F. 2d 993). Where, as here, the motion to intervene is brought on by order to show cause presented for signature on the same day that the judgment itself was entered and returnable within 15 days after announcement by the Village Trustees of their intention not to authorize an appeal, there can be no question of timeliness.
Though the motion is timely, movants may be bound by the judgment and their representation by respondents has become *856 inadequate, they have no right to intervene unless the interest which they seek to protect gives them the necessary standing (see Stein v. Wirtz, 366 F. 2d 188, cert. den. 386 U. S. 996). As has already been noted movants’ right to enjoin violation of the zoning ordinance depends upon their ability to establish resulting depreciation in value of their property. Likewise their participation in this article 78 proceeding turns upon their showing that they are aggrieved (Village Law, § 179-b; Matter of Carriage Hill v. Lane, 20 A D 2d 914). The moving papers make the claim of aggrievement but that claim is supported .only by reference to the minutes of the hearing before the board and the location of petitioner’s premises in relation to that of each movant. The board minutes are, however, inconclusive, the experts having testified generally rather than with relation to particular properties. Nor can it be said that movant Bridener’s situation across a 40-foot street necessarily demonstrates aggrievement (Matter of Carriage Hill v. Lane, supra; Matter of Moore v. Burchell, 14 A D 2d 572, app. den. 10 N Y 2d 709). Movant Jacka as the owner of an abutting residence may well be aggrieved (Matter of Manor Woods Assn. v. Randol, 29 A D 2d 778; see Matter of Carriage Hill v. Lane, supra) but in view of the existing church use and other surrounding circumstances and the subtle distinctions involved in assaying the difference between the conditions that will exist with the added day care use and those now existing without the use, the court cannot say on the papers alone that Jacka has demonstrated the special damage necessary to establish aggrievement. Proof on the issue of aggrievement must, therefore, be taken (see Matter of Carriage Hill v. Lane, supra; Stull v. Terry & Tench, 75 N. Y. S. 2d 848, 81 N. Y. S. 2d 43).
What the time for appeal from the October 9, 1970 judgment is if movants, or either .of them, prove aggrievement is not expressly provided for by the CPLB. Logically the time for appeal should not begin to run until their intervention motion has been granted and perhaps not until they have been served, after the granting of that motion, with a copy of the judgment. To obviate any question of timeliness of an appeal by movants, however, the court by oral order made in the presence of all counsel and which is being incorporated in the short-form order signed herewith has held that movants now have the right under CPLB 1012 to intervene for the limited purposes of (1) filing a notice of appeal and (2) litigating the issue of their own aggrievement. Should the aggrieve *857 ment hearing result in a determination that movants, or either of them, have the necessary standing, the Appellate Division can then consider all issues including that of standing. Should the hearing determination be that neither movant has the necessary standing, the notice of appeal will become nugatory but, of course, movants will then have the right to appeal the order entered after the hearing denying their intervention motion.