OPINION OF THE COURT
Marie M. Lambert, S.
In the within estate, Sheldon Solow (Solow), an owner of land contiguous to a house and real property known as “Mostly Dune”, seeks leave of court to intervene by right or by permission in a cy pres proceeding. The object of the cy pres proceeding is to determine whether the court will authorize the Manhattan School of Music (Manhattan) to sell “Mostly Dune” and to apply the proceeds of the sale to *347 the construction of a dormitory. Two of the parties to the cy pres proceeding, the Attorney-General and Manhattan, oppose the request of Solow to intervene. They also oppose his request, by way of alternate relief, that he be permitted to appear as an amicus curiae.
An understanding of the issues presented in this application cannot be had without reference to the underlying cy pres proceeding. By paragraph “Fourth” of her will, the decedent devised and bequeathed “Mostly Dune” to Manhattan “to be used as a home for students and teachers of said school”. The will further directed that “Mostly Dune” “be kept as nearly intact and in its state at the time of my decease as may be practicable, consistent with the purpose of this gift.” In order to accomplish this goal, the decedent bequeathed to Manhattan the sum of $100,000 to be known as the “Gertrude Mumford Endowment Fund” and provided that Manhattan “may sell all or any part of the lot [now unfenced and unimproved] which adjoins said residence.” In the event that Manhattan did not accept “Mostly Dune” and the endowment upon the specified conditions, the will provided for alternate devises to the Ladies Christian Union (Union) and to the Episcopal Actors Guild of the Church of the Transfiguration (Guild), respectively. These alternate devises were upon the same terms and conditions as imposed by the will on Manhattan. Manhattan accepted the gifts and by instrument dated December 14, 1962, acknowledged receipt of the property subject to the conditions set forth in the will.
Pursuant to the authorization granted by paragraph “Fourth”, Manhattan sold portions of the unimproved lot adjoining the “Mostly Dune” residence in 1963 and 1968. One of the buyers in 1968 was Solow.
Currently, “Mostly Dune” consists of a house and 2.98 acres of land located near the water’s edge in Easthampton. It is alleged by Manhattan that the property is being seriously eroded by the Atlantic Ocean and that the funds on hand are insufficient to maintain the property and to make the necessary repairs on the house. They further aver that a change of circumstances has occurred since the acceptance of the gift so as to make literal compliance with the terms of the disposition impracticable. Accordingly they *348 seek authorization to sell “Mostly Dune”. Union opposes said sale to the extent that they do not receive a share of the proceeds and Guild opposes any sale on the ground that they will accept “Mostly Dune” under the terms and conditions imposed by the will.
It is the position of Solow that as a contiguous landowner, he has a right or should be allowed to intervene in the cy pres proceeding. He avers that he purchased his land and constructed his home in reliance on the conditions imposed by the Mayer will and that if not allowed to appear, he will be bound by a judgment in which his interests were inadequately represented. The proposed intervention is opposed by Manhattan and the Attorney-General on various grounds, including, inter alia, that Solow has no interest under the will, that he cannot claim reliance on its conditions, and that he does not meet the criteria established in the intervention statutes. It is further stated that Solow is using the cy pres proceeding to advance his private interest in buying some or all of “Mostly Dune” at less than current market value. With regard to the claim of reliance, it has been pointed out that the deed entered into between Manhattan and Solow contains no reference to the Mayer will and that there exists no agreement, either express or implied, which contains such a reference.
The ability of an individual to intervene in a proceeding, whether by right or by permission, is governed by statute. CPLR 1012 (subd [a], par 2) provides for intervention as of right “when the representation of the person’s interest * * * is or may be inadequate and the person is or may be bound by the judgment”. As noted in Matter of Spangenberg (41 Misc 2d 584, 587) “Despite the seemingly mandatory character of statutory provision for intervention, courts always exercise discretion. They deny leave to intervene if they doubt the motive of the proposed intervenor or if they deem further intervention unnecessary ” It is axiomatic that they deny leave to intervene where the requirements of the statute have not been met. As noted in Lesser v West Albany Warehouses (17 Misc 2d 461, 463) “Intervention as of right must be predicated upon a showing of both factors to which the statute refers, viz., that the interve *349 nor’s interest is or may be inadequately represented by an existing party to the action and that he would or might be bound by its judgment.”
In the within matter, Solow avers that he has met the statutory requirements in that only he can adequately represent his own interest and that he will be “bound” by the judgment. It is the view of the court that he has not met either. With regard to the question of adequate representation, EPTL 8-1.1 (subd [f]) empowers the Attorney-General to enforce the rights of charitable beneficiaries in proceedings like the one at bar. To the extent that Solow’s interest is in determining the charitable intent of the decedent, his interest is represented by the Attorney-General. To the extent that Solow’s interest is adverse to the Attorney-General, his interest is represented by the Guild. A review of the answer submitted by the Guild and the proposed answer submitted by Solow reveals no material difference between them. Both seek to preserve “Mostly Dune” in its present condition and both oppose any attempt to sell it under the cy pres power of this court. Both have interposed an affirmative defense which avers that the doctrine of cy pres does not apply to the present proceeding. Whereas Solow has only that one affirmative defense, the Guild has pleaded a second, to wit, that they are “ready, willing and able to accept the gifts as set forth in article ‘Fourth’ ”. In view of the fact that no substantial difference of position exists between the Guild and Solow, the court sees no reason why Solow’s position is inadequately represented. No question has been raised concerning either the ability or desire of counsel for the Guild to effectively prosecute its claim.
With regard to the statutory requirement that the judgment must have a binding effect on the proposed intervenor, the court notes that different standards of measure have developed with respect to what constitutes such a binding effect. In Unitarian Universalist Church of Cent. Nassau v Shorten (64 Misc 2d 851, vacated on other grounds 64 Misc 2d 1027), the court declared that there must be a risk that the intervenor will be bound in a res judicata sense. (See, also, Lesser v West Albany Warehouses, supra.) In one case cited by Solow, Levine v Town of *350 Oyster Bay (40 Misc 2d 605, 607), the court stated that intervention would be allowed if applicant’s interests would be jeopardized by his absence and he is ultimately interested in the outcome. The Levine case, however, was a zoning ordinance case in which the purchaser of a certain parcel of land sought to intervene against a zoning reclassification so that he could rescind a contract which he entered into and which required the zoning change as a condition of purchase. The court, in allowing intervention, found that the proposed intervenor had a direct and pecuniary interest in the outcome of the zoning case. The decision, moreover, does not indicate whether intervention was allowed as of right or as of permission. The other case cited by Solow as authority for this lesser standard specifically states that intervention was granted by permission. (See Matter of Village of Spring Val. v Village of Spring Val. Housing Auth., 33 AD2d 1037.)
Professor McLaughlin asserts that besides the res judicata standard courts of this State have adopted a serious risk of practical prejudice approach. (See Bulova v E. L. Barnett, Inc., 194 App Div 418; Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR, C1012:3, p 152.) Even if the Bulova approach is applied to this case, an application of which this court had serious doubts, Solow could not prevail. If the court determines that the Guild is correct and that cy pres should not be allowed, Solow is in the same position that he is now. Should the court find that Manhattan is correct and that a sale should be authorized, Solow, like any prospective purchaser, would be allowed to bid on the "property. Neither decision prejudices Solow or involves a serious risk of harm to him.
With regard to intervention by permission, CPLR 1013 allows intervention “when the person’s claim or defense and the main action have a common question of law or fact.” When the common question is one of law, permissive intervention is analogous to appearing as an amicus curiae. (Siegel, New York Practice, § 182, p 222.) Professor Siegel also notes that intervention by permission may be analogized to consolidation under CPLR 602 (Siegel, New York Practice, § 182). In that regard, considerations concerning whether intervention would unduly delay the de *351 termination of the action, or whether it would prejudice the substantial rights of any party would come into play. (Siegel, New York Practice, § 182.) So also would the right of the applicant to bring a separate action and move for consolidation. (Siegel, New York Practice, § 182.)
In the within matter, the court is of the opinion that intervention, if permitted, would delay the determination of the action and might prejudice the rights of Manhattan. At a conference held with the court, Manhattan indicated that if a sale of “Mostly Dune” was authorized, a premium might be obtained if a sale was consummated during the summertime. Further, the fear was expressed that if a sale awaited the following summer, damage could be done to the property if one of the not-so-unusual winter storms struck that area. When the parties and Solow were asked whether a hearing was necessary to determine the issues, only Solow indicated an unwillingness to submit on the papers. Accordingly, it is clear that if Solow is allowed to intervene, a time-consuming hearing will be required which would necessarily delay a sale of the property if authorized. Accordingly, the court denies the application of Solow to intervene by permission. It is clear that his intervention would delay the determination of this matter and might substantially prejudice the rights of Manhattan. It is also clear that Solow could bring no separate proceeding which would entitle him to consolidation with this one.
Finally, the court is asked to allow Solow to appear as an amicus curiae. As all possible points of view are represented by counsel in this proceeding, nothing will be served by allowing additional appearances. The same considerations which persuaded the court to deny intervention by permission persuade the court as to this request. It should be pointed out that Solow’s claim of interest in this proceeding does not derive from either the decedent’s will or an agreement, express or implied. Should this court authorize a sale of “Mostly Dune”, his position would be that of any potential buyer. The court notes that other potential buyers have attended a conference and might also seek to submit briefs as amicus curiae. The court finds that if such an event should occur, the issues as elucidated by the real parties in interest could be obfuscated.
*352 For the foregoing reasons, the application to intervene, or in the alternative, to appear as amicus curiae, is denied in its entirety.