■ HYSON'S GARAGE, INC., Appellant, v LEO J. CLARK, Respondent. — In a negligence action to recover for property damages sustained in an automobile accident, plaintiff appeals from an order of the Supreme Court, Dutchess County (Delaney, J.), entered April 17, 1981, which denied its motion for entry of a default judgment based upon the failure of defendant to serve an answer and granted defendant's cross motion to "open" the default and to compel plaintiff to accept his answer. Order affirmed, with $50 costs and disbursements. We have considered a variety of factors, including the relative shortness of the delay, the nature of defendant's excuse, the apparent existence of a meritorious defense, and the absence of any apparent intention on his part to abandon his defense of the action, and conclude that Special Term was correct in granting defendant's cross motion to open the default and to compel plaintiff to accept his answer (cf. *Cockfield v Apotheker,* 81 AD2d 651; *Sequoia Constr. Corp. v Hunt,* 78 AD2d 695; *A & J Concrete Corp. v Arker,* 78 AD2d 689, affd 54 NY2d 870). Hopkins, J. P., Damiani, Gibbons and Weinstein, JJ., concur.

■ JOHN F. KENNY et al., Respondents, v GEORGE A. FULLER Co., Defendant and Third-Party Plaintiff-Respondent. HARRIS STRUCTURAL STEEL Co., INC., Third-Party Defendant-Respondent, et al., Third-Party Defendants. LIBERTY MUTUAL INSURANCE COMPANY, Appellant. — Appeal by the proposed intervenor, Liberty Mutual Insurance Company, from an order of the Supreme Court, Kings County (Aronin, J.), dated October 19, 1981, which denied its motion from an order permitting it to intervene in the above-entitled action for the purpose of appealing from a judgment entered in the action. Order affirmed, without costs or disbursements. The insurer, Liberty Mutual Insurance Company, seeks to intervene for the purpose of appealing from a judgment entered against its insured for the full amount of the policy. The insured, which was permitted to select its own counsel at Liberty's expense because of a conflict over the scope of coverage (see *Public Serv. Mut. Ins. Co. v Goldfarb,* 53 NY2d 392, 401), has not appealed and Liberty has disclaimed coverage because of this. We decline to permit Liberty to intervene (see *Matter of Unitarian Universalist Church of Cent. Nassau v Shorten,* 64 Misc 2d 851, vacated on other grounds 64 Misc 2d 1027; *Lesser v West Albany Warehouses,* 17 Misc 2d 461; see, also, Siegel, New York Practice, § 180). Under the facts and circumstances of this case, Liberty should be relegated to such rights as may flow from its disclaimer. Damiani, J. P., Lazer, Mangano and Gibbons, JJ., concur.

■ DONALD G. KNOX, Appellant, v LINCOLN SAVINGS BANK et al., Respondents. — In an action to recover the proceeds of several bank accounts, plaintiff appeals from an order of the Supreme Court, Kings County (Bellard, J.), dated May 6, 1981, which, *inter alia,* (1) granted the motion of defendant Joseph H. Knox to vacate a default judgment entered against him and (2) granted defendant Lincoln Savings Bank's cross motion for an order directing the return of a teller's check issued to plaintiff and his attorneys. Order reversed, on the law, without costs or disbursements, and the motion and cross motion are denied. To vacate a default judgment, a defendant must demonstrate a reasonable excuse for the default and make a prima facie showing of legal merit. Law office failure, as a matter of law, is an insufficient excuse for the purpose of supporting a motion to vacate a default judgment (see *Barasch v Micucci,* 49 NY2d 594; *Bruno v Village of Port Chester,* 77 AD2d 580). The excuse proffered by defendant Knox is that the summons and complaint were "apparently misplaced in transmission." This is a clear example of law office failure and, as such, cannot serve as the basis for vacating the default judgment. Accordingly, Trial Term abused its discretion in vacating the judgment. Inasmuch as the judgment is not to be vacated, the cross motion must be denied. Hopkins, J. P., Damiani, Titone and Rabin, JJ., concur.