OPINION OF THE COURT
Ralph Diamond, J.
This appears to be a matter of first impression as to whether a stepfather should be permitted to be an intervenor in a custody/visitation action between both natural parents.
Upon the foregoing papers, it is ordered that the application by Allan Cronshaw, Jr., the respondent’s present husband, for an order permitting him to intervene in the above-captioned action pursuant to CPLR 1012 (a) (2) and the notice of cross motion by the petitioner for an order imposing sanctions against the respondent for vexatious litigation practice are decided as follows:
By writ of habeas corpus, the petitioner herein commenced a proceeding to obtain custody of the parties’ daughter, Jennifer Field. Upon the completion of an updated probation report, and an updated medical and psychiatric evaluation, the matter will be calendared for trial, forthwith. The respondent’s present husband, Allan Cronshaw, Jr., seeks an order granting him the right to intervene in the proceeding. He contends that he has the right to intervene based on the fact his "monetary, parental, legal, contractual, religious and constitutional rights” will not be protected if he is not permitted to intervene. He points out to the court that he is the father of Jennifer’s stepsiblings and that Jennifer and the respondent have resided with him for almost 10 years. He asserts that the court’s determination may affect the life-style and manner in which he and the respondent choose to raise Jennifer, and that such determinations may have a financial impact upon him as he provides support for Jennifer over and above that provided by the petitioner, her natural father, through the payment of child support. Mr. Cronshaw directs the court’s attention to the fact that he participated in the court-ordered probation investigations and forensic evaluations. Additionally, he contends that he will be slandered in the course of this proceeding and that his religious beliefs will be put on trial and that he should therefore be permitted to intervene so that he can cross-examine witnesses who testify against him.
Heretofore, Mrs. Cronshaw had applied to the court for an order permitting her husband to appear in this action on her behalf. She asserted that CPLR 321 which permits a party to *472 appear in an action only in person or by an attorney duly licensed to practice law in this State was unconstitutional and violative of her right to "counsel” of her choice. By order dated October 5, 1987, the Honorable Ralph Yachnin denied the respondent’s application to appear "by her husband” and held that Mrs. Cronshaw’s assertion that she is unable to obtain counsel with sufficient "suitable spiritual/religious background to cross examine * * * witnesses or protect [her family’s] rights” failed to pose a constitutional question. Both the Appellate Division, Second Department, and the Court of Appeals have refused to stay the instant proceeding pending determination of this issue on appeal.
In support of her husband’s instant application for an order permitting him to intervene in this proceeding, Mrs. Cronshaw again asserts a similar concern. She states in her affidavit sworn to on March 9, 1988 that she "has no means whatsoever to present [her] own defense, whether pro-se or by the appointment of counsel”. In accord, Mr. Cronshaw states in his affidavit sworn to on February 29, 1988, that he should be permitted to intervene because "if it is the feeling of the respondent that her own interests are not being represented, this proves conclusively that in the upcoming hearing, my interests and rights will not be protected at all”.
CONCLUSIONS OF LAW
CPLR 1012 (a) (2) provides that "[u]pon timely motion, any person shall be permitted to intervene in any action * * * when the representation of the person’s interest by the parties is or may be inadequate and the person is or may be bound by the judgment”. Intervention is a procedural device whereby a person not a party to the action can present a claim or defense in a pending action and become a party for the purposes of protecting his own interests. Inadequacy of representation is generally assumed when the intervenor’s interest is divergent from that of the parties to the suit. (See, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C1012:l-C1012:3, at 151, 152.) One seeking the right to intervene must establish both factors set forth in the statute and show that his interest will be inadequately represented by the parties and that he will be bound by the judgment. Mere interest in the success of one of the parties is an insufficient basis for intervention. (Lesser v West Albany Warehouses, 17 Misc 2d 461.) A third party is permitted to *473 intervene only where he has an actual and ultimate interest in the results of the litigation. (Matter of Cavages, Inc. v Ketter, 56 AD2d 730.) This "interest” has been defined as a property interest or some duty or right devolving upon or belonging to the person seeking the right to intervene. (United Baking Co. v Bakery & Confectionery Workers’ Union Local 221, 257 App Div 501.) Further, the fact that one may in some manner be affected by the outcome of the proceeding is insufficient to form the basis for intervention. A third party will be permitted to intervene only when the third party will be bound by the judgment to the extent that the judgment will adjudicate the legal rights, duties and/or obligations of the third party. (Rubin v Irving Trust Co., 105 NYS2d 140.) Even where a third party may be bound by a judgment and their representation is inadequate, intervention will not be permitted unless the movant has an interest which he seeks to protect sufficient to provide the necessary standing. (Matter of Unitarian Universal Church v Shorten, 64 Misc 2d 851, vacated on other grounds 64 Misc 2d 1027.)
This is a contested custody proceeding. The named parties are the child’s two natural parents. The proceeding will be determined based upon the best interest of the child. (Friederwitzer v Friederwitzer, 55 NY2d 89.) While the court does not doubt the sincerity of Mr. Cronshaw’s concerns and his interest in the outcome of the proceeding, he is not asserting a legal interest which forms basis upon which to permit him to intervene. Mr. Cronshaw is the respondent’s present husband. He resides with the respondent and the .child who is the subject of this proceeding. He does not seek custody, or visitation with the child. His asserted interests and rights are identical to the respondent’s and he sets forth no claim or defenses divergent or independent of the claims and defenses of his wife. In fact, he has failed to comply with CPLR 1014 which mandates that he set forth his claims and/ or defense in a proposed pleading which must accompany the application for permission to intervene so that the court can review the proposed pleading in making its determination as to whether or not intervention is appropriate.
Further, Mr. Cronshaw will not be bound by entry of judgment in this proceeding as the judgment will in no manner affect his legal rights or impose any legal duty or obligation upon him. As a result of this proceeding, the court will either grant or deny the natural father’s request for a change of custody. If the request is denied, there will be no *474 discernable change in the circumstances of the child and the parties. If custody is awarded to the father, Mr. Cronshaw would be affected to the extent that Jennifer would no longer reside with her mother and stepfather, but such determination would not affect Mr. Cronshaw’s legal rights or cause any obligation to be imposed upon him.
There is no basis under statute or case law which provides Mr. Cronshaw, a stepfather, the right to intervene in a custody proceeding between the stepchild’s two natural parents. The court notes that prior to a recent amendment to Family Court Act § 1035 (e), even a nonparty natural parent had no right to intervene and assert their rights in the context of the fact-finding stage of a child protective proceeding. (See, Matter of Burnham, 100 Misc 2d 843.) Further, the recent amendment to this section contains no provision for intervention by a stepparent. It does permit intervention by an adult sibling, grandparent, aunt or uncle but only upon the consent of the parent or parents who are named parties to the action. Similarly, foster parents and prospective adoptive parents have been denied the right to intervene in proceedings involving the parental rights of the natural parents. (See, Matter of Marina S., 111 Misc 2d 898; People ex rel. Scarpetta v Spence-Chapin Adoption Serv., 28 NY2d 185.)
The respondent and her husband have repeatedly asserted that no member of the Bar in this State can adequately represent the rights of the respondent in this action wherein she seeks to retain custody of Jennifer and to raise the child in the manner in which she, Florence Cronshaw, feels is fit and proper and in accordance with her religious convictions.
The court has appointed experienced and able counsel to represent Mrs. Cronshaw in this matter. Although the counsel initially appointed has been relieved from representation by the court, the court intends to appoint another fully experienced and qualified counsel to represent the respondent. In addition, a Law Guardian has heretofore been appointed by the court to represent and'protect thé interests of the child, Jennifer.
In the instant application, Mr. Cronshaw is not in actuality asserting a custodial right independent from or different from that asserted by the respondent. He is seeking permission to actively participate in this proceeding so that he can properly pr.otect his and the respondent’s joint interests because the respondent is "unable to present her defense whether pro se *475 or by the appointment of counsel”. The respondent has already made application for a court order permitting her husband to appear in her behalf and represent her interest before the court. As previously set forth, that relief was denied by order of Justice Yachnin dated October 5, 1987. To permit Mr. Cronshaw to intervene would in actuality be violative of CPLR 321 which permits a person to appear only in person or by a duly licensed counsel. As he has set forth no interest or right, claim or defense, distinct, separate or divergent from that of the respondent, and has made no showing that he will be legally bound by the judgment herein, it would be improper to allow Mr. Cronshaw to intervene in this proceeding. To permit him to intervene to represent his rights would in actuality result in his being permitted to represent the respondent’s rights. Again, respondent has heretofore sought such relief and that request has been denied.
The application by Mr. Cronshaw for an order pursuant to CPLR 1012 (a) (2) permitting him to intervene in the above-captioned action is denied.
Petitioner’s cross motion for an order imposing sanctions against the respondent is denied. Petitioner’s counsel’s affirmation states that this application to intervene is the fourteenth pretrial motion filed by the respondent and seeks the imposition of sanctions in that the application was intended to harass the petitioner: The duplication in question was not brought by the respondent, but by her husband, Allan Cronshaw, Jr. The court, therefore, declines to impose sanctions against the respondent.
Lastly, the court has considered Mr. Cronshaw’s contention that the cross motion was properly served only upon the respondent and that he was never properly served and finds that the issue is moot as the cross motion was denied. Mr. Cronshaw had actual notice of the cross motion as his wife, the respondent, was properly served and further, Mr. Cronshaw served affidavits in response to the cross motion. In the context of a custody proceeding, the court’s primary concern is that the issues be determined on the merits upon notice and any technical deficiency in the manner of service created no prejudice to Mr. Cronshaw. The applications here were determined on the papers submitted and upon actual notice to the parties and Mr. Cronshaw.