[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on February 11, 1981. They have two minor children. The plaintiff had filed an action for dissolution of the marriage. Plaintiff has filed a motion to freeze the assets of the defendant. Plaintiff in her affidavit claims the defendant has threatened to leave the country, and he has a history of moving from country to country and not supporting the children he leaves behind. The defendant is currently unemployed and is due to receive Workers' Compensation award under C.G.S. 31-108(a) [31-308(a)].
Exemptions Statute CT Page 11052
"All sums due for compensation under the provisions of this chapter shall be exempt from attachment and execution and shall be nonassignable before and after award." C.G.S. 31-320. In State v. Reed, 5 Conn. Cir 69 (1967), the Circuit Court ruled that C.G.S. 31-320 was passed not only to protect the recipient of compensation but also his beneficiaries, and the statute did not bar the state from recovering from the defendant's award financial aid and assistance rendered to defendant's wife and four children.
In other jurisdiction suits have been brought under similar workers' compensation statutes. In Massachusetts the Appeals Court has held that past and future payments of alimony and support was not a "debt" within meaning or worker's compensation statute precluding assignment or attachment of any part of benefit for payment of debts. Donovan v. Donovan, 15 Mass. App. 61,443 N.E.2d 432 (1982). New York case law has required workers' compensation to be used for child support even though New York has an exemption statute. Sounders v. Sounders,246 App.Div. 579, 284 N.Y.S. 356 (1935). Dallesandro v. Dallesandro,110 Misc.2d 346, 442 N.Y.S.2d 400 (1981).
Following case law in Connecticut as well as other states, C.G.S.31-320 should not be used to bar the freezing of defendant's workmans' compensation claim. The legislative history shows that this statute was enacted to protect the award from creditors so the injured worker would be able to meet family obligations.
Availability of Workers' Compensation Award for Child Support/or Marital Assets.
There are two recent conflicting cases regarding including workers' compensation awards in a divorce action. The first case Raccio v. Raccio, 41 Conn. Sup. 115 (1989), held that workers' compensation was includable in the marital estate and awarded the wife $125,000 out of any net recovery of over $357,000 from his workers' compensation claim and a negligence action arising from this accident. The husband was totally and permanently disabled.
In Rodriguez v. Rodriguez, 42 Conn. Sup. 34 (1991), the defendant was receiving weekly workers' compensation payments under C.G.S. 31-308(b). This is a specific injury award based on loss of a body part, not a loss of earnings. The superior court held in Rodriguez that this type of workers' compensation award is not includable as income for the purpose of determining child support. CT Page 11053
At this stage of the proceedings, the record is not clear as to what type of award the plaintiff claims or under what section of the Workman's Compensation Act he received his award. Although the defendant has received an advance the reasons for that advance have not been established by evidence to allow this court to render a final ruling on whether the award can be considered as income for child support, a marital asset, or neither. The motion to freeze the asset is granted until further order of this court.