■ HANOVER INSURANCE COMPANY, Respondent, v NORTHWEST ASSOCIATES, INC., et al., Defendants. UTICA MUTUAL INSURANCE CO., Proposed Intervenor-Appellant. [670 NYS2d 577] —In an action to recover additional premiums purportedly due under certain liability, workers' compensation, and umbrella liability policies issued by the plaintiff to the defendants, the proposed intervenor Utica Mutual Insurance Co., appeals (1) from an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 11, 1997, which denied its motion to intervene

as a defendant in this action and, upon such intervention, to vacate the judgment entered against the defendants upon their default in appearing or defending against the action, and (2) from an order of the same court, entered September 23, 1997, which denied its motion for leave to reargue.

Ordered that the appeal from the order entered September 23, 1997, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated March 11, 1997, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff Hanover Insurance Company (hereinafter Hanover) sued three construction company defendants, Northwest Associates, Inc., New World Drywall, Inc., and Interboro Interiors, Inc. (hereinafter the Northwest defendants) to recover additional premiums that Hanover claimed were due under certain liability, workers' compensation, and umbrella liability insurance policies that Hanover had issued to them. After the Northwest defendants failed to provide discovery, discharged their attorneys, and went out of business, the plaintiff obtained a default judgment against them in the amount of $422,852.

The proposed intervenor, Utica Mutual Insurance Co. (hereinafter Utica Mutual), had issued a bond at the request of two of the Northwest defendants to replace a temporary restraining order which had prevented them from transferring assets. Under the terms of the bond, Utica Mutual agreed to pay any amount that might be found to be due to Hanover from those defendants for unpaid premiums up to $325,000. Utica Mutual sought to vacate the default judgment, intervene in the resuscitated action, and obtain discovery from Hanover relative to the exact amount of unpaid premiums due from the now-defunct defendants.

The court properly denied the motion. Utica Mutual is not entitled to intervene because the default judgment does not have res judicata effect against it as the surety. Rather, the judgment against the Northwest defendants provides only prima facie evidence that the surety's bond is owed to the plaintiff. The surety is thereafter free to refute this presumption by demonstrating that the judgment was not founded upon any legal liability to the plaintiff, or that the sum owed is for some reason less than the amount claimed (*see, e.g., Aeschlimann v Presbyterian Hosp.,* 165 NY 296; *Conner v Reeves,* 103 NY 527; *Kaczmarek v Shoffstall,* 119 AD2d 1001). Utica Mutual can do this in the separate, pending action for payment on the

bond which has been brought against it by Hanover. Where, as here, the proposed intervenor has other, adequate remedies, intervention is properly denied (*see, e.g., Kaczmarek v Shoffstall, supra; Kenny v Fuller Co.,* 84 AD2d 808; *cf., Matter of Martin v Ronan,* 47 NY2d 486; CPLR 3012, 3013). Miller, J. P., Thompson, Friedmann and McGinity, JJ., concur.