Per Curiam.

The record before us clearly establishes that the plaintiff qualifies under section 414 (subds. 3, 4) of the Education Law as an organization entitled to use the school facilities during out of school hours and that it was unconstitutional and improper for the defendant to deny the use of these facilities to the plaintiff solely because of the controversial views that had previously been expressed by .the scheduled performer, Pete Seeger. As we observed in our earlier decision in this case (18 N Y 2d 129, 134), “ The expression of controversial and unpopular views * * * is precisely what is protected by both the Federal and State Constitutions ” (U. S. Const., 1st Amdt.; N. Y. Const., art. I, § 8; see, e.g., Bond v. Floyd, 385 U. S. 116, 132-135; Kunz v. New York, 340 U. S. 290; Hague v. C.I.O., 307 U. S. 496; Matter of Rockwell v. Morris, 10 N Y 2d 721, affg. 12 A D 2d 272) and, .since there is here no showing that Seeger’s expression of his views would “ immediately and irreparably create injury to the public weal ” (Matter of Rockwell v. Morris, 12 A D 2d 272, 278, affd. 10 N Y 2d 721, supra), it follows that the defendant’s refusal to permit this concert to take place in the school auditorium constituted “ an unlawful restriction of the constitutional right of free speech and expression” (18 N Y 2d, at p. 134). The order of the Appellate Division should be affirmed, with costs.