HECTOR BRITO et al., Petitioners, v DAVID ROSS et al., Respondents.

First Department, July 20, 1976

*William J. Gallagher* of counsel *(Donald L. Doernberg, Ivar Goldart, Judith Levin* and *Donald H. Zeigler* with him on the brief; the Legal Aid Society, attorneys), for petitioners.

*Edward J. Schwarz* of counsel *(W. Bernard Richland, Corporation Counsel),* for respondents.

KUPFERMAN, J. P. This is a special proceeding brought as a class action pursuant to CPLR articles 9 and 78 seeking an order in the nature of mandamus and injunctive relief directing the respondents to maintain separate detention facilities for youths and adults at the New York City Criminal Court at 100 Centre Street, New York, New York, pursuant to section 88 of the New York City Criminal Court Act.

The two petitioners are concededly between the ages of 16 and 19, as defined* by CPL 720.10 (subd 1). There are various

* " 'Youth' means a person charged with a crime alleged to have been committed when he was at least sixteen years old and less than nineteen years old."

allegations with respect to the detention pens for the arraignment and all purpose parts in the Criminal Court. Accordingly, the Judges of this court visited and inspected the facilities involved, accompanied by the attorneys for the various parties and the administrators.**

Whether or not some of the conditions alleged may have existed prior to the time of that visit, it is conceded that they do not exist at the present time, and accordingly we are met with the simple question of law as to whether the procedure in the court's detention pens, which separates youths from adults at the age of 21, is invalid.

This petition is brought as a class action. Unlike the situation involving the challenge to the bail system *(Bellamy v Judges & Justices,* 41 AD2d 196, affd without opn 32 NY2d 886), where individual determinations had to be made in each instance, the class here is clearly established. However, not only have we been assured by the administrators involved that any court determination, which is final, will be complied with, this would be the normal expectation. (See *Matter of Jones v Berman,* 37 NY2d 42, 57.) Accordingly, we are of the opinion that class action relief is not necessary.

It is to be noted that section 88 of the New York City Criminal Court Act calls for "adequate provision * * * for the separation of * * * youthful and less hardened offenders from older and more hardened offenders". Reasonable people might differ as to any age distinction in the application of this provision. The petitioners contend that with the youthful offender procedure of CPL article 720, youths of 16, 17 and 18 should not be commingled even with those of 19, 20 and 21. On the other hand, the administrators argue that they may make a reasonable administrative decision and have applied the provision of section 500-c of the Correction Law (art 20-Jails) which by the 1974 amendment substituted:

"Persons under the age of twenty-one years shall not be put or kept in the same room with prisoners twenty-one years or older"

for "Minors shall not be put or kept in the same room with adult prisoners", and "persons under the age of twenty-one years" for "minors".

---

** This was the procedure followed by Judge MORRIS E. LASKER with respect to the Manhattan House of Detention for Men known as "The Tombs". (See *Rhem v Malcolm,* 371 F Supp 594, 598, affd in part 507 F2d 333; also at Rikers Island, *Rhem v Malcolm,* 389 F Supp 964, 967; see, also, *Rhem v Malcolm,* 396 F Supp 1195.)

(See McKinney's Cons Laws of NY, Book 10B, Correction Law, 1975-1976 Supp, p 123, § 500-c, n.)

The classification determined by the administrators is entitled to great weight. *(People ex rel. Price v Warden,* 48 AD2d 275.)

Nonetheless, at this time when a great deal of thought is being given to the problem of the treatment of juveniles within the criminal justice system (see, e.g., Sending the Accused Juvenile to Adult Criminal Court: A Due Process Analysis by Gregory J. Wallance, 42 Brooklyn L Rev 309; City Bar Panels Back Bill to Revise Juvenile Treatment, NYLJ, June 23, 1976, p 1, col 3) we believe that, inasmuch as those held for arraignment are in the initial stages of the criminal justice process, until such time as the court determines otherwise, the dividing line should be for those under 19. We would apply this even though the charge may be of a nature which may not permit youthful offender treatment. (See *People v Santiago,* 51 AD2d 1; cf. *People ex rel. Wayburn v Schupf,* 39 NY2d 682.) Inasmuch as we are informed that from an administrative point of view it would be burdensome to have a distinction between those held for arraignment and those in detention pens for trial or otherwise, it would be best to have the dividing line for all purposes at the age under 19.

Accordingly, judgment should be granted, without costs, declaring that in the maintenance of separate detention facilities for youths and adults at the New York City Criminal Court, the dividing line between youths and adults should be between those under 19 and those 19 or over. The various motions to dismiss are denied, without costs.

MURPHY, LUPIANO, BIRNS and LANE, JJ., concur.

Application pursuant to CPLR article 78 for an order in the nature of mandamus unanimously granted only to the extent of granting judgment in favor of petitioners declaring that in the maintenance of separate detention facilities for youths and adults at the New York City Criminal Court, the dividing line between youths and adults should be between those under 19 and those 19 or over; and the cross motions to dismiss are denied; all without costs and without disbursements.