The court, after due deliberation, on November 19, 1976, having determined that the order of the Appellate Division should be reversed, with costs, and the New York State Emergency Moratorium Act of 1975 for the City-of New York declared unconstitutional, and directed that the proposed remittitur be settled on 30 days’ notice, in an opinion by Breitel, Ch. J., in which all concurred except Cooke, J., who dissented and voted to affirm in an opinion, and Fuchsberg, J., having taken no part; and the court, on January 14, 1977, having granted an application for an extension of time to the extent indicated in an opinion Per Curiam, in which all concurred, Cooke, J., in a memorandum, Fuchsberg, J., having taken no part;
The court, after further due deliberation of written submissions of the parties, orders and adjudges:
That the order of the Appellate Division be reversed, with costs;
That the New York State Emergency Moratorium Act of 1975 for the City of New York be declared unconstitutional;
And that a declaratory judgment to that effect be entered.
Upon remittal to the Supreme Court, New York County, for further proceedings in accordance with the opinion herein, and upon the additional instructions appended below, the Supreme Court is directed:
A. To enter judgment in favor of plaintiff upon proof of present ownership or custodianship and the surrender of the municipal notes embraced within the pleadings in the action, providing for payment of principal in full not later than 30 days from the entry of judgment, with interest as it may determine to be appropriate under paragraph B (3), which judgment may be enforced in accordance with law, including but not restricted to applicable statutes.
B. In accordance with law, to hear and determine with dispatch:
1. Applications, on such notice to defendants as it may *1095 require, by other holders of municipal notes, except institutional or corporate holders, purportedly subjected to the moratorium under chapters 874 and 875 of the Laws of 1975 who were holders for value on November 14, 1975, the effective date of the statute, and to grant relief, if justified, as provided in paragraph A, at the foot of the judgment in this action, within 30 days of the approval of the application by the court.
2. Applications, on such notice to defendants as it may require, by any other holders of the municipal notes, except those who executed agreements to withhold demand for payment or enforcement of the notes held, purportedly subjected to the statutory moratorium and, if justified, to grant similar relief at the foot of the judgment in this action with stays of enforcement as in the discretion of the Supreme Court may be appropriate, but stays no longer than six months from the approval of the respective applications by the court shall not be deemed, as a matter of law, an abuse of discretion.
3. Whether, in any orders or judgments entered, the payment of interest on the principal of the municipal notes shall be directed at the face rate prior to maturity and at the rate of 6% as provided in chapters 874 and 875 of the Laws of 1975 from the date of maturity to the date of payment.
C. To entertain motions to intervene in or to consolidate into, and to accept referral of motions to consolidate into, this action, any other proceedings or actions heretofore or hereafter brought to enforce the payment of the municipal notes for which provision is made in paragraphs B (1) and B (2).
D. To designate an amicus curiae, with the prior approval of this court, to serve without compensation but with reimbursement for actual expenses, to be assessed as costs against defendants, to advise Supreme Court for its benefit concerning the possible interests of holders of the municipal notes for which provision is made in paragraphs B (1) and B (2) who are not active parties in this or any consolidated action or proceeding.
E. To direct the severance of any judgment rendered in this action in order to allow any party aggrieved to pursue remedies with respect to such judgment whether by appeal or otherwise.
F. To request, sua sponte, as occasion may require, recall of *1096 the remittitur for the purpose of receiving further instructions within the compass of this remittitur and the issues embraced within the pleadings in this action.
G. To take any other action appropriate or necessary to enforce the remittitur.
Nothing provided in this remittitur is intended to pass upon, diminish, or enhance the rights of any holder of municipal notes purportedly subjected to the statutory moratorium for which no provision is now being made for eventual payment and discharge. Nor by construction or implication is it intended to affect the rights, if any, of former holders of municipal notes purportedly subjected to the statutory moratorium.
The court further orders that the papers required to be filed and this record of the proceedings in this court be remitted to the Supreme Court, New York County, there to be proceeded upon according to law.
I certify that the preceding contains a correct record of the proceedings in this appeal in the Court of Appeals and that the papers required to be filed are attached.
Joseph W. Bellacosa, Clerk of the Court Court of Appeals, Clerk’s Office, Albany, February 8, 1977.