James Gibson, J.
Plaintiff in Action No. 2 moves (1) for an order determining whether that action is to be maintained as a class action (CPLR 904) and (2) for an order consolidating it with Action No. 1 (CPLR 602, subd [a]).
In Action No. 2, the complaint challenges the constitutionality of the New York State Emergency Moratorium Act for the City of New York (L 1975, ch 874, as amd by ch 875) as violative of the just compensation provisions of the Federal and State Constitutions as in cases of appropriations of property. The complaint relates to notes issued by the city and purportedly subject to the Moratorium Act and demands judgment, among other things, that the court determine and declare the rate of interest necessary to afford just compensa *344 tian to the holders and thereupon award judgment for the principal sums due on the notes and interest as so determined.
In Action No. 1 — the Flushing action — which sought a declaration of unconstitutionality on other grounds, the plaintiff succeeded and that action has proceeded to judgment. Following decision of the appeal by the Court of Appeals (40 NY2d 731), that court’s remittitur was issued to this Supreme Court on February 8, 1977 (40 NY2d 1094). Pursuant to the remittitur, this court on February 23, 1977 determined the interest rate payable on the notes after maturity by fixing the rate at 6% (88 Misc 2d 1047). Judgment upon its notes, with interest at 6%, was awarded Flushing on March 3,1977 (NYLJ, March 7, 1977, p 11, col 2) and signed March 10, 1977. Thus, plaintiff would consolidate its action, which is barely at the trial stage, if that, with an action which has proceeded to judgment.
The Court of Appeals, held the Moratorium Act unconstitutional as violative of the faith and credit provisions of the New York State Constitution (art VIII, § 2); but it seems to be movant’s position that it is entitled, nevertheless, to a declaration of unconstitutionality under its own theory and pleading as well, that is, as denying "just compensation” under the Federal and State Constitutions.
I
The motion for class action status must be denied. Aside from any other consideration, movant has failed to satisfy two of the statutory prerequisites thereto. Neither the unverified complaint nor the moving affidavit — made, incidentally, by the attorney and not by the party — makes any demonstration whatsoever with respect to the requirement that the "representative parties will fairly and adequately protect the interests of the class” (CPLR 901, subd a, par 4). The complaint contains the bare allegations that plaintiff is a Florida partnership — without identification of its members or the nature of its business — and is "the owner and holder of certain short term obligations issued by defendant” which are matured and unpaid. Although these skeletal allegations establish plain-, tiff’s interest, they fall far short of satisfying subdivision 4. The decision in Matter of Douglaston Civic Assn. v Galvin (36 NY2d 1, 7-8), although decided in a somewhat different context, is instructive.
Second, the record facts conclusively negate any contention that this proposed "class action is superior to other available *345 methods for the fair and efficient adjudication of the controversy” (CPLR 901, subd a, par 5). Although none of the courts which dealt with this case held that Flushing should be accorded the formal class action status sought (84 Misc 2d 976, affd 52 AD2d 84, revd 40 NY2d 731; and see 40 NY2d 1088), the Court of Appeals by its remittitur of February 8, 1977 (40 NY2d 1094) fashioned a remedy closely akin to it for the benefit of noteholders other than the Flushing plaintiff. In compliance with the remittitur, and in particular with paragraph B thereof, this court on March 16, 1977 entered an order establishing simple and expeditious procedures whereby noteholders who have not consented to an extension may make applications for, and in proper cases recover, judgments for the amounts of their notes, with interest (NYLJ, March 17, 1977, p 10, col 5).[1] Certainly, these procedures, whereby every noteholder entitled to recover will be awarded judgment in very short order, by entry at the foot of the Flushing judgment, are far simpler and far more expeditious than any relief obtainable by movant in an independent class action or otherwise. The Flushing judgment includes interest at 6%, as would any recovery by movant Pyramid, and to the extent that movant may consider that rate inadequate under the constitutional provisions invoked, the ordinary appeal process would appear to be available. Clearly then, plaintiff Pyramid has not shown that its class action is a "superior” method of procedure (CPLR 901, subd a, par 5). To dispel any doubt as to plaintiff’s right to appeal without intervention,[2] plaintiff may, as hereinafter held, apply for permission to intervene for the sole purpose of appealing the adjudication of interest rate, no other issue having been left open by the Court of Appeals decision and remittitur (40 NY 2d 731, supra).
In this case, further, class action status is inappropriate, not only within the context of the Flushing action with which consolidation is sought, but under general principles as well. Citing paragraph 5 of subdivision a, hereinbefore discussed, an *346 eminent commentator observes that if a plaintiff seeks a declaration of unconstitutionality, "there would generally be no need for class action status since, if one person gets relief, it will inure to the benefit of all” (McKinney’s Cons Laws of NY, Book 7B, Practice Commentaries by McLaughlin, p 326, C901:6; citing Brito v Ross, 53 AD2d 414; Matter of Shook v Lavine, 49 AD2d 238). And the statute struck down is dead, whatever the lethal weapon employed and whether it be wielded under the authority of the faith and credit clause to which the Court of Appeals resorted or the theory of "just compensation” — implausible or not — which movant would apply. A similar application for class action status in another case attacking the Moratorium Act as unconstitutional was denied at Special Term, New York County, following the decision of the Court of Appeals in Flushing, the Special Term holding that "class relief is not necessary 'where governmental operations are involved, and where subsequent petitioners will be adequately protected under the principles of stare decisis’ (Matter of Rivera v Trimarco, 36 NY2d 747; Jones v Berman, 37 NY2d 42, 57)”. (Aaron v City of New York, NYLJ, Feb. 7, 1977, p 7, col 2, Asch, J.) Also to be noted is the denial of plaintiff Pyramid’s prior application for class action status, in an opinion by Mr. Justice Fraiman (Pyramid Serv. Co. v City of New York, NYLJ, Nov. 4, 1976, p 4, col 2).
II
The motion for consolidation must also be denied.
Many of the reasons hereinbefore stated which in this particular case interdict recognition of class action status also militate against consolidation of movant’s recent action with an action that has proceeded to judgment. As has been noted (supra, p 345) the Court of Appeals remittitur affords movant, and all the other members of the proposed class, a swift, inexpensive and efficacious remedy. Clearly, no proceedings pursuant to consolidation could obtain so desirable a result so promptly. Finally, the Court of Appeals decision in Flushing left open no issue as between the noteholders and the city save only that of interest rate, and that issue has been determined at Special Term. In this situation, all of movant’s rights can be protected and advanced by permitting it to move, upon appropriate papers, to intervene in Action No. 1 for the limited purpose of taking an appeal from the determination of interest rate (Matter of Unitarian Universalist *347 Church v Shorten, 64 Misc 2d 851 , per Bernard S. Meyer, J., vacated on other grounds 64 Misc 2d 1027); this in consideration of the fact that there has thus far been no indication that any other party contemplates such an appeal (see CPLR 1012, subd [a]). Of course, any party may, by motion addressed to any appeal by Pyramid, test Pyramid’s status as a noteholder within one of the classes enumerated in paragraph B of the remittitur.
Motion in all respects denied, without prejudice to a motion, upon appropriate papers, to intervene for the sole purpose of appealing the determination of interest rate.

. The order provides, among other things, that the noteholder shall make application for judgment upon a relatively simple affidavit form supplied by the city and that in every proper case he will within 15 days be advised that judgment will be entered in his favor upon surrender of a valid note or notes.

. Should movant recover pursuant to paragraph B (1) of the remittitur, under a judgment in favor of many noteholders, the court is authorized by paragraph E of the remittitur: "To direct the severance of any judgment rendered in this action to allow any party aggrieved to pursue remedies with respect to such judgment whether by appeal or otherwise.”