OPINION OF THE COURT
Con. G. Cholakis, J.
In this action, the individual plaintiffs are police officers employed by the City of Kingston, New York. They sue individually and as members of the plaintiff Kingston Patrolmen’s Benevolent Association, an unincorporated association comprised entirely of members of the Police Department of the City of Kingston. The defendants are the City of Kingston, the Deputy Police Chief of the City of Kingston, and individuals constituting the Board of Police Commissioners. The action is brought to obtain a declaratory judgment determining a particular resolution enacted by the defendant board on April 10,1981, to be unconstitutional and therefore illegal and of no affect. The plaintiffs additionally seek incidental injunctive relief.
*997 The • subject resolution is entitled “Resolution of the Board of Police Commissioners of the City of Kingston, New York”, and reads, in full as follows:
“now therefore be it resolved by the board of police COMMISSIONERS OF THE CITY OF KINGSTON, NEW YORK AS follows:
“section 1. That the rules and regulations of the Police Department of the City of Kingston, New York shall be amended to add the following:
“article ix, rule 1 81 No member of the Department shall engage in any public demonstration which shall be critical of any official departmental decision or policy nor shall any member of the department make any public statement concerning any official decision or policy of the Board of Police Commissioners or the Chief of Police of the City of Kingston, New York.”
The resolution, it is alleged, was enacted in direct response to an action taken on April 9, 1981, at a regularly scheduled monthly meeting of the plaintiff organization. At this meeting, by unanimous vote of those present, it was resolved to commence informational picketing in the City of Kingston, New York, and further resolved that press releases be issued and certain other actions of like nature be taken to express and publicize the association’s criticisms of the firing of one of its members. It is further alleged that following the enactment of the board’s resolution, all action agreed to be taken by the plaintiff association and its members was withheld and deferred upon the plaintiffs being informed that they would be subject to disciplinary proceedings should they proceed with their intended actions.
The matter is before the court upon the motion of the plaintiffs for summary judgment. In opposition, the defendants argue that the controversy is inappropriate for class action, that the plaintiffs do not represent all members of the association and that, in any event, the complaint fails to state a cause of action. Upon these arguments the defendants demand dismissal, or, alternatively, that the proceedings be stayed to permit class action notice and the opportunity to the recipients of such notice to intervene. As *998 a further alternative, the defendants urge that a hearing should be directed to determine the nature and extent of an alleged voluntary waiver of the plaintiffs’ right of free speech, made in connection with their employment contracts. It is argued that because of such voluntary waiver the plaintiffs may not complain of the restrictions placed upon them by the subject resolution.
It is first observed that it appears to this court that the action is appropriately maintained as a class action upon consideration of the prerequisites set forth in CPLR 901. The issue, however, is not critical to the determination of the presented motion. It is observed and generally accepted that class action status is not necessary in an action brought to obtain a declaration of unconstitutionality since any relief given to one person will necessarily inure to the benefit of all (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, C901:6; Flushing Nat. Bank v Municipal Assistance Corp. for City of N. Y., 89 Misc 2d 342). Additionally, and with respect to the defendants’ argument that notice should be given to the class here represented, it is observed that notice is not mandatory in actions, such as this, brought primarily for injunctive or declaratory relief (CPLR 904).
Turning to the substance of the controversy, it is apparent to this court’s mind that the resolution in question is an attempt by the defendants to exercise prior restraint upon the plaintiffs’ First Amendment right to free speech. To be lawful, there must be a showing of immediate and irreparable injury to the public weal (Matter of Rockwell v Morris, 12 AD2d 272, 278, affd 10 NY2d 721; East Meadow Community Concerts Assn. v Board of Educ., 18 NY2d 129, remanded 26 AD2d 819, affd 19 NY2d 605). It is otherwise stated that prior restraint is allowed only if there be a clear and present danger (Lewis v American Federation of Tel. & Radio Artists, 34 NY2d 265). Further, it is observed that there is a heavy presumption against the validity of any prior restraint, and the burden of demonstrating the legality of such restraints is strongly placed upon those who seek to limit others in the exercise of their First Amendment rights (Quinn v Aetna Life & Cas. Co., 96 Misc 2d 545).
*999 It is notable that in the submissions to the court the defendants do not argue against the authorities noted. By implication, at least, they concede the resolution to be constitutionally offensive upon its face, but they argue that the plaintiffs have, by contract, waived their constitutional protection. The contractual waiver of constitutional rights is, of course, possible, and even commonplace. In the instant matter, however, the regulation attacked was enacted well subsequent to the employment of the plaintiffs and there can be no argument that the plaintiffs agreed to abide by this regulation and its restrictions as a condition of their employment bargain.
The court cannot adopt the defendants’ position that the regulation enacted April 10, 1981 is valid simply for the reason that it is similar to, and no more restrictive than, earlier regulations which, it is offered, pre-existed the plaintiffs’ employment. The answer to this argument is simply that these other regulations are not complained of and are not before the court. Accordingly, such prior regulations cannot be a defense to the plaintiffs’ action which seeks only to strike down the regulation adopted April 10, 1981. Similarly, it is observed that these prior regulations may or may not proscribe some or all of the acts the plaintiffs threaten. That issue has not been framed by this action and cannot be passed upon.
Accordingly, the plaintiffs’ motion for judgment is granted to the extent that the resolution in issue is declared unconstitutional and void and defendants are enjoined from taking any action to discipline the plaintiffs for a violation of said resolution, such being the relief prayed for in Item Nos. 1 and 2 of the plaintiffs’ demands contained in their complaint. The court does not feel that the relief requested in Demand No. 3 is appropriate to this lawsuit and is accordingly denied without prejudice.