OPINION OF THE COURT
Anthony F. Bonadio, J.
In this proceeding the Monroe County Department of Social Services alleges the neglect of Dawn Burnham, an infant, by Stephanie Burnham, her natural mother, and Wesley Dunn. A hearing was held pursuant to section 1027 of the Family Court Act on April 19, 1978, and the court by order dated August 14, 1978, temporarily removed said infant from the respondents finding that said removal was necessary to avoid an imminent danger to the child’s life and health, and the child was placed in the custody of the Monroe County Department of Social Services. The case was then placed on the Trial Calendar for a fact-finding hearing.
On March 20, 1979, David Burnham, the natural father of said infant, moved this court, alleging to be an interested and necessary party to this proceeding for the purpose of obtaining custody or placement of said infant child, and requested this *844 court to allow him to intervene and participate in this proceeding as allowed by the CPLR.
Section 165 of the Family Court Act provides that where the method of procedure in any proceeding in which the Family Court has jurisdiction is not prescribed by the Family Court Act, the procedure should be in accordance with the CPLR to the extent they are suitable to the proceedings.
In view of the fact that the Family Court Act is silent about the subject of intervention, the court looks to CPLR 1012, 1013, and 1014.
CPLR 1012 allows intervention as of right (1) "when a statute of the state confers an absolute right to intervene”; such a right is not provided in the Family Court Act; and (2) "when the representation of the person’s interest by the parties is or may be inadequate and the person is or may be bound by the judgment”.
CPLR 1013 allows intervention by permission when a statute of this State allows intervention in the discretion of the court or when the person’s claim or defense and the main action contain a common question of law or fact. The CPLR also provides that in exercising its discretion, the court shall consider whether intervention will unduly delay the determination of the action or prejudice the substantial rights of any of the parties.
The intervention provisions of the CPLR are generally given a liberal construction. (See Matter of Raymond v Honeywell, 58 Misc 2d 903.) But in Family Court proceedings the predominant rule is doing "what is in the best interest of the child.” (Matter of Bennett v Jeffreys, 40 NY2d 543.)
Regarding CPLR 1012, which is the section relied upon by the petitioner as his argument to intervene, the court finds that the Department of Social Services has adequate counsel to prove neglect at a fact-finding hearing. The court also finds that a judgment of neglect against the respondents will not be prejudicial to the natural father as he is not a party and is not accused of neglect. His absence at the fact-finding hearing will not adversely aifect his interest in this proceeding. The natural father is primarily concerned with custody. The gravamen of the cause of action to be tried at the fact-finding hearing is one of neglect. Assuming that neglect is found against the respondents, the natural father would still be a possible resource after the fact-finding hearing for the infant child in the dispositional phase of these proceedings.
*845 Regarding CPLR 1013, this court is of the opinion that the claims of the Monroe County Department of Social Services and the natural father do not have a common question of law and fact. The Department of Social Services is interested in litigating the question of neglect by the respondents herein and the capacity of the respondents to adequately care for the child. The natural father is interested in obtaining custody of the infant child. Intervention by the natural father in the fact-finding hearing would cause undue delay and perhaps cause prejudice to the substantial rights of the respondents.
In addition, the natural father, David Burnham, has submitted no pleadings indicating his knowledge of neglect by the respondents. Such a pleading is required by CPLR 1014. In view of his failure to produce a pleading together with his application to intervene, this court is not convinced that David Burnham is able to furnish this court with evidence relevant to the charges placed against the respondents. In his affidavit in support of this motion to intervene, he admits that his contact with the respondents and his infant daughter was, at best, intermittent.
If the best interests of the infant child are to be served, the natural father should not be allowed to assume the role of a party at the fact-finding hearing simply because he is the natural father.
It is the determination of this court that although the natural father is interested in these proceedings, he is not a necessary or a proper party to the fact-finding hearing, where he has no knowledge of the issues to be tried and to allow intervention in the instant case at this stage of the proceeding would prejudice the rights of the respondents without serving the best interests of the child.
Therefore, the application of the natural father to intervene in this proceeding at the fact-finding hearing pursuant to CPLR 1012 and/or 1013 is denied as being premature and the attorney for the natural father is directed by this court to make application for intervention at the dispositional phase of this proceeding in the event that a finding of neglect should occur. However, absent a finding of neglect, the petition would be dismissed, and the intervention in this proceeding would no longer be an appropriate remedy, and a custody proceeding could be maintained by the natural father against the respondents.